**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GARTH CHEESE | ) | Case No. _____ |
| | ) | cv 11 - 5135 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| INTEGRITY FINANCIAL PARTNERS, INC. | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

**SUMMONS ISSUED**

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff, Garth Cheese ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Kings, and City of Brooklyn.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Integrity Financial Partners, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business

of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt in default, Defendant made initial contact with Plaintiff by calling Plaintiff's cellular telephone on July 26, 2011, and at such time, left a voicemail message in which Defendant threatened to "take legal action" if Plaintiff did not return the call by 5:00 P.M. that day.

12. Plaintiff called Defendant as soon as he received the message on July 26, 2011.

13. During the conversation on July 26, 2011, Defendant threatened to take legal action if Plaintiff did not make a payment arrangement.

14. Defendant then inquired how much Plaintiff would be able to pay on or before July 29, 2011.

15. Plaintiff responded by telling Defendant "not much," at which time Defendant threatened to "take legal action" unless Plaintiff pay Defendant by 5:00 P.M. on July 27, 2011.

16. Upon information and good faith belief, Defendant returned the alleged debt at issue in this matter to the original creditor on or about July 28, 2011.

17. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury.

This 17th day of October, 2011.

ATTORNEYS FOR PLAINTIFF
*Garth Cheese*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012